**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-07-CR-111 LY** |
| | § | |
| **ERNEST DAVILA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on November 3, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I.  PROCEDURAL BACKGROUND

On September 26, 2007, Judge Lee Yeakel sentenced the Defendant to 33 months of imprisonment, followed by three years of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On October 30, 2009, the Defendant was released from the B.O.P. and commenced serving his term of supervised release. The Defendant's adjustment to supervision was satisfactory until this year, when he started to have alcohol problems. The problems coincided with his wife being diagnosed with a terminal illness, and deepened after her death in April 2011. To address the alcohol problems, Mr. Davila was instructed to attend AA meetings regularly, and to abstain from the use of alcohol. In August 2011, the Probation Office

spoke with the Defendant's AA group leader, and learned that Mr. Davila's attendance was "marginal at best." Mr. Davila was thereafter admonished to attend the meetings regularly as instructed. Then, on October 19, 2011, Mr. Davila was arrested by San Saba County sheriff's deputies and charged with DWI, after he failed a field sobriety test. On October 19, 2011, the Probation Office submitted its petition alleging violations for use of alcohol and commission of a new offense, and requested a warrant. The undersigned authorized the issuance of a warrant that same day, and the Defendant was arrested on October 26, 2011.

On November 3, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the allegation that he used alcohol, and made no plea regarding committing a new offense, as that case remains pending in state court.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by consuming alcohol.

## III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED on both cases. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is V, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment. The Court has considered all of the above, and taking into account that the state will address the DWI charge, RECOMMENDS that the Defendant be sentenced to 90 days of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and

Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of November, 2011.

                                          ANDREW W. AUSTIN
                                        UNITED STATES MAGISTRATE JUDGE